**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| SCOTT D. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-262-GSL-AZ |
| ) | |
| CHRISTY L. SUCH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court *sua sponte*. Plaintiff, who is representing himself and proceeding without a lawyer, filed this case on June 12, 2025, against 13 different Defendants and simultaneously filed an Emergency Motion for Temporary Restraining Order. DE 1, 2. On June 17, 2025, the Court denied Plaintiff's Motion for Temporary Restraining Order. DE 6. On July 17, 2025, Plaintiff filed an unsigned Amended Complaint. DE 17. On September 18, 2025, the Court struck the proposed Amended Complaint because it was not signed, in violation of Rule 11(a) of the Federal Rules of Civil Procedure, ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."), and N.D. Ind. L.R. 5-4(b), ("Papers delivered to the clerk for filing must: … include the filer's original signature…"). DE 18. The Court furthermore noted that while Plaintiff's case had been filed more than 90 days prior, there was nothing on the docket indicating that any of the Defendants

1

named in any of Plaintiff's complaints had been served in violation of Rule 4(m) of the Federal Rules of Civil Procedure. As such, the Court specifically ordered Plaintiff to effectuate service by October 20, 2025, and specifically cautioned him that failure to do so would lead to a recommendation of dismissal. *Id.*

That same day, Plaintiff filed a Second Amended Complaint [DE 19] (which dropped numerous Defendants and named one new Defendant) and a Motion to Transfer Venue [DE 20], seeking to have this case transferred to the United States District Court for the District of Arizona. As with many of Plaintiff's prior filings, these documents were not signed and so did not comply with either the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of Indiana. More importantly, however, Plaintiff has not filed anything with the Court indicating that he has served any of the Defendants with a copy of any of his pleadings or the necessary summons. And the deadline set by the Court to do so has now passed without any request for an extension.

All litigants, whether they are represented by counsel or representing themselves pro se, must follow the Federal Rules of Civil Procedure and local rules of the court in which they have filed their lawsuit. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants.").

Plaintiff has repeatedly failed to follow these rules despite receiving specific instructions as to how he has failed to comply and being given warnings of the consequences of failing to comply. DE 18. Plaintiff has been specifically ordered to serve his complaint and a valid summons on Defendants and failed to do so by the deadline set by the Court. Nor do the Second Amended Complaint or Motion to Transfer Venue change anything since they are unsigned filings.

ACCORDINGLY, the Court **STRIKES** Plaintiff's unsigned Second Amended Complaint [DE 19] and **DENIES** Plaintiff's Motion to Transfer Venue [DE 20] because they are unsigned in violation of Fed. R. Civ. P. 11(a) and N.D. Ind. L.R. 5-4(b). Finally, the Court **RECOMMENDS** that the presiding District Court Judge **DISMISS** this case without prejudice for failure to timely serve a complaint and summons in accordance with Rule 4(m) and the Court's September 18, 2025 Order [DE 18].

So ORDERED this 4th day of November 2025.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Scott D. Phillips (U.S. Mail)